FILED
 2011 Oct-06 PM 02:50
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DOUGLAS SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-G-0128-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This cause is before the court upon the motion of plaintiff for reconsideration of the court's denial of his motion to remand. The plaintiff argues that the court should reconsider its decision because the issue of whether a subsequent favorable decision requires remand is the subject of a pending appeal in the Eleventh Circuit. That the issue is being considered on appeal does not constitute grounds for having this court reconsider its denial of plaintiff's motion to remand. The court denied the motion because the award of benefits was for a period of time subsequent to the ALJ decision in the present case. The ALJ decision that is the subject of the present appeal was issued February 24, 2010. The subsequent favorable decision found the plaintiff disabled as of October 5, 2010. A decision finding the plaintiff disabled over six months

after the date at issue in the present appeal is not material to whether substantial evidence supported the ALJ's decision under review.

Plaintiff argue that the Commissioner has not followed the <u>Hearings, Appeals, and Litigation Law Manual</u>, (HALLEX), procedure set out in Section I-3-5-50. However, that section is not applicable to the present case. The subsequent award is dated April 18, 2011. The Appeals Council denied review in the present case on December 14, 2010. HALLEX Section 1-3-5-50(B) provides that if evidence is receive by the Social Security Administration after the date of the denial "the Council will not vacate its denial of the request for review" but will "treat the evidence as a request for reopening." Therefore, the section cited by plaintiff is not applicable to the present case.

Plaintiff's also argues that HALLEX I-4-2-101 requires the Appeals Council to consider the effect of the subsequent award on the present case. However, that section provides for various actions by the Appeals Council depending upon whether the subsequent allowance can be reconciled with the previous denial. Only in cases in which the different determinations cannot be reconciled does the HALLEX provide a procedure for the Appeals Council to seek a remand to consider the subsequent allowance. (It is important to note that the procedure set forth in HALLEX would allow the Appeals Council to either vacate the subsequent allowance or the previous denial, should the decisions be irreconcilable.) In any event, plaintiff has not shown the Appeals Council failed to follow the procedures set forth in the HALLEX in the present case. The

procedures appear to apply to court cases that have not reached the answer stage. In the present case, the Commissioner's answer was filled prior to the date of the subsequent allowance.

For the above reasons, plaintiff's motion for reconsideration is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 6 October 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.